[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE PLAINTIFF'S MOTION FOR MODIFICATION OF ORDER(#135)
The plaintiff moved from Connecticut to Florida in October, 1996. Since she had physical custody, the parties' two minor children went with her. The defendant initiated these post-judgment proceedings to compel the plaintiff and the children to return to Connecticut, auxiliary to his motion seeking residential custody in the event the plaintiff
 ". . . intends to relocate to an area that is beyond easy commutation distance . . ."
The defendant moved from Connecticut in 1994, first relocating to Maryland and then to New Jersey where he continues to live.
A hearing on the defendant's application was held on October 30, 1996 at which time the defendant testified, in answer to a question from his counsel:
 "Q. Well, how would you please . . . if custody were transferred to you, would you move to Norwalk?
"A. Yes, I would."
At the conclusion of the hearing of the 30th the court ordered the plaintiff to return to Connecticut with the children. She did, renting a house in the same school district from which the children had left.
The defendant testified yesterday that in December of last year he stopped looking for a place in Connecticut because he and the plaintiff started talking about the plaintiff's remarriage plans, he also making some financial demands upon the plaintiff.
Although the Family Relations Custody Study has been initiated, and an attorney for the minors has been appointed, there apparently now remains little to evaluate regarding the change of custody.
The defendant seeks to have physical custody modified before he makes any plan appropriate for the best interest of the children. CT Page 768
This court is reluctant to grant the plaintiff's motion now for the children would be subjected to a third mid school year transfer.
The court has elected to continue this motion until March 31, 1997 to permit the defendant to present evidence of a concrete residential custody plan for himself and the children. So Ordered.
Harrigan, J.